Steven J. Moser (SM1133)
STEVEN J. MOSER, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Eleazar Rodriguez

                                                           Case No.:
                          Plaintiff,

                                                           **COMPLAINT**

                  - *against* -

Rudolph H. Weber and Marilena Katopodis,

                          Defendant.
------------------------------------------------------------------------X

       Plaintiff Eleazar Rodriguez, by his attorney, The Moser Law Firm, P.C., brings this action against Defendants Rudolph H. Weber and Marilena Katopodis, and alleges as follows:

## NATURE OF CLAIM

       1.       This action is brought to recover overtime wages under the FLSA and the NYLL, and statutory damages for wage notice and wage statement violations under NYLL § 195.

## JURISDICTION

       2.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

       3.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

4. Plaintiff Eleazar Rodriguez (Rodriguez) is a person residing in the County of Nassau.

5. Rudolph H. Weber (Weber) is a person residing in the County of Nassau.

6. Weber operates a painting and residential remodeling business.

7. During the three-year period preceding the filing of this complaint, Weber has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

8. For the each of the years 2016 and 2017, Weber had annual gross volume of sales made or business done of $500,000 or more.

9. For the six-year period preceding the filing of this complaint and up to the present time, Weber has continuously been an employer within the meaning of the NYLL.

10. Marilena Katopodis (Katopodis) is a person residing in the County of Nassau.

11. Katopodis was a joint employer with Weber.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by Weber as a painter from approximately March 2014 until June 8, 2017.

13. Plaintiff's regular workweek was from Monday to Saturday (6 days per week), from 8:00 am until 4:30 pm, with a ½ hour break for lunch.

14. The Plaintiff's regular workweek was 48 hours.  He worked 48 hours per week for at least 45 weeks each year during his employment with Defendants.

15. The Plaintiff was paid a daily rate during his employment, as follows:

   (a) From approximately March 2104 through March 2015, $150 per day;

  (b) From approximately March 2015 through October 2016, $160 per day;

  (c) From approximately October 2016 through June 8, 2017, $165 per day.

 16. Between March 2014 and June 8, 2017, the Plaintiff was not paid overtime premium pay when he worked 48 hours per week.

 17. Katopodis owns a residential property located at 39 The Terrace, Plandome, New York.

 18. During the period from approximately September 2016 until June 8, 2017, the Plaintiff worked at 39 The Terrace, Plandome, New York.

 19. During the time period that the Plaintiff worked at 39 The Terrace, he was jointly employed by Katopodis and Weber.

 20. Under the business arrangement between Katopodis and Weber, Katopodis paid Weber a daily rate for the work performed by the Plaintiff at 39 The Terrace. Weber then paid the Plaintiff a daily rate. Katopodis determined the scope of work to be performed by Weber employees. Katopodis reserved the right to terminate Weber employees and in-fact terminated Weber employees when they did not meet Katopodis's expectations. At times, Katopodis controlled the work performed by Weber employees.

 21. Upon information and belief, under the agreement between Katopodis and Weber, there was no provision for the payment of an overtime rate when employees worked more than 40 hours per week.

 22. Weber did not keep accurate records of the hours worked by the Plaintiff.

 23. Katopodis did not keep accurate records of the hours worked by the Plaintiff.

## FIRST CAUSE OF ACTION
### Overtime Wages under the Fair Labor Standards Act
### 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)

24. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

25. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

26. Defendants were required to pay Plaintiff at a rate of one and one half his regular rate for all hours worked in excess of forty (40) hours in a workweek.

27. Defendants failed to pay Plaintiff for overtime hours worked at 1 ½ times the Plaintiff's regular rate of pay.

28. Defendants either knew or acted with reckless disregard as to whether its conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988). Therefore, a three-year statute of limitations applies., 29 U.S.C.S. § 255.

29. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION
### Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

30. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

31. Defendants were required to pay Plaintiff a rate of one- and one-half times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

32. Defendants failed to pay Plaintiff for overtime hours worked at 1 ½ times the Plaintiff's regular rate of pay.

33. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### THIRD CAUSE OF ACTION
### Wage Notice Violations under NYLL §§ 195 and 198

34. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

35. Defendants failed to provide the wage notice to Plaintiff as required by NYLL § 195(1)(a).

36. Plaintiff is each entitled to recover liquidated damages, together with costs and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
### Wage Statement Violations under NYLL §§ 195 and 198

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

38. Defendants failed to provide the wage statements to Plaintiff as required by NYLL § 195(3).

39. Plaintiff is entitled to recover liquidated damages, together with costs and reasonable attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and the NYLL;

B. Liquidated damages under the FLSA;

C. Liquidated damages under the NYLL;

D. Statutory damages for each violation of the notice provisions of NYLL § 195;

E. Statutory damages for each violation of the wage statement provisions of NYLL § 195;

F. Reasonable attorney's fees and costs of the action;

G. Prejudgment interest; and

H. Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
September 21, 2018

MOSER LAW FIRM, P.C.

By: Steven J. Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

## CONSENT

By my signature, I hereby give my consent to become a party plaintiff in the case of *Rodriguez v. Weber* under the Fair Labor Standards Act.

Dated: 09-27-2018

_____
Eleazar Rodriguez