# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between Eleazar Rodriguez, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Rodriguez" or "Plaintiff"), on the one hand, and Marilena Katopodis ("Katopodis"), on the other hand.

**WHEREAS**, on or about September 27, 2018 Plaintiff commenced an action against his employer, Rudolph Weber, and Katopodis in the United States District Court for the Eastern District of New York, where it was assigned Civil Action Case Number 18-cv-5424 ("this Action"), alleging, among other things, that Katopodis was a joint employer with Weber and was therefore liable for Weber's alleged violations of Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL"). by failing to pay wage and/or overtime compensation (the "Action");

**WHEREAS**, Katopodis denies all allegations of wrongdoing made by Plaintiffs, and a Court has not made any findings with respect to the merits of Plaintiffs' claims;

**WHEREAS,** Rodriguez and Katopodis (the "Parties") desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. The Parties acknowledge that the statements and "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**. As full settlement and final satisfaction of any and all claims that Plaintiffs had, have, or may have against the Defendant, including but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiffs set forth in Paragraph 4, Defendant shall pay Plaintiffs the total sum of TWO THOUSAND DOLLARS AND NO CENTS ($2,000.00) (hereinafter, the "Settlement Amount"), payable as follows:

    (a) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Katopodis issue a check made payable to "Eleazar Rodriguez" in the amount of One Thousand Dollars ($1,000.00), this check shall be delivered to Plaintiff's Counsel.

    (b) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Katopodis shall issue a check made payable to "Moser Law Firm, P.C." in the amount of ($1,000.00), representing payment for Plaintiffs' attorneys' fees, costs, and expenses incurred in this matter.

    (c) Pursuant to Paragraph 7 below, concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with Plaintiffs' Motion for Approval of the Settlement Agreement.

3. **Full Payment**:  Plaintiff agrees and affirms that the payments described in Paragraph 2, above, shall constitute full accord and satisfaction of the claims released herein. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

4. **Release of Claims:**

(a) Plaintiff, on behalf of himself and, if any, his estate, spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all claims, known and unknown, asserted or unasserted, which each plaintiff has or may have against Katopodis, her spouse, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities, (collectively, with Defendant, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA, or the NYLL.

5. **Covenant Not to Sue**:  Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Releasees concerning any matter released in this Agreement.

6. **Claims Excluded from the Agreement**:  Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiff from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiff is waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiff's behalf.

7. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

(a) Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court with the request for approval of this Agreement and will not be effective unless and until the Court approves this Agreement.

(b) Court approval of this Agreement and dismissal of this Action is a material condition of this Agreement and the Parties' obligations hereunder.  Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement.

8. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Katopodis under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's alleged employment. Katopodis has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiff, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their FLSA and NYLL claims, and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

10. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

11. **No Other Complaints or Charges**: Plaintiff hereby represents that he has no pending actions, administrative charges or complaints, grievances or arbitrations against any of the Releasees.

12. **Severability**: The Parties agree that, in the event any provision(s) of this Agreement, other than Paragraphs 4 and 7, is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

13. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to conflict of laws principles.

14. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain jurisdiction over any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

15. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

(a) **Voluntary Agreement**: Plaintiff represents and agrees that he has signed this Agreement freely, voluntarily, and without duress;

16. **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

   17. **Waiver**: No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

   18. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

   19. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

   20. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

   21. **Effective Date**: This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiff signs and returns this Agreement to Defendant's Counsel; (b) Plaintiff's Counsel signs and returns the Stipulation of Dismissal with Prejudice (attached as Exhibit A) to Defendant's Counsel; (c) Defendant's Counsel receives a completed W-9 form from Moser Law Firm, P.C., and Plaintiff; and (d) the Court approves the Agreement and the Stipulation of Dismissal with Prejudice, such that the Stipulation is "so ordered" and the Action is dismissed with prejudice and closed (the "Effective Date"). **.**

**AGREED:**

_____  _____
Eleazar Rodriguez         Dated

_____  _____
Marilena Katopodis         Dated

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEAZAR RODRIGUEZ,<br><br>   Plaintiff,<br><br> -against-<br><br>RUDOLPH WEBER and MARILENA KATOPODIS<br><br>   Defendants. | Docket No.: 18 Civ. 5424 (ST)<br><br>**JOINT STIPULATION AND ORDER OF DISMISSIAL WITH PREJUDICE AS AGAINST MARILENA KATOPODIS ONLY** |

  **IT IS HEREBY STIPULATED AND AGREED**, by and between Eleazar Rodriguez and Marilena Katopodis (the "parties"), and ordered by the Court, that:

  (a) the parties' settlement, including but not limited to the settlement of claims under the Fair Labor Standards Act, and the New York Labor Law is fair and reasonable; and

  (b) all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice as against Marilena Katopodis* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party.

Dated: May 29, 2020

**MOSER LAW FIRM, P.C.**

_____
By: Steven J. Moser
5 E. Man Street
Huntington, NY 11743
(516) 671-1150
*Attorneys for Plaintiff*

May 29, 2020

**CUOMO, LLC**

_____
By: Oscar Michelen
200 Old Country Road
Mineola, New York 11501
(516) 741-3222
*Attorneys for Defendant Marilena Katopodis*

SO ORDERED:

_____
Hon. Steven Tiscione, USMJ